IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLOTTE W. WOOD,            §
individually and as           §
Executrix of the Estate       §
of JAMES A. WOOD,             §
                              §
                              §     Civil Action No.: CV294-008
            Plaintiff         §
                              §
v.                            §
                              §
CSX TRANSPORTATION, INC.      §
                              §
            Defendant         §
                              §

## ORDER

Plaintiff sued CSX Transportation, Inc. ("CSXT"), under the Federal Employer's

Liability Act ("FELA"), 45 U.S.C. § 51, *et. seq.*, claiming that the Decedent contracted an

occupationally-related lung disease while employed by CSXT. In addition, Plaintiff asserts a

claim against CSXT in negligence, and alleging that the Decedent's asbestos-related disease

results from his household exposure to asbestos dust emitting from a family member's CSXT

work clothing. Defendant CSXT has now moved this Court pursuant to Fed. R. Civ. P Rule 56,

for partial summary judgment regarding Plaintiff's clothing exposure claims against CSXT and

for an order *in limine* preventing Plaintiff, her attorney, or Plaintiff's witnesses, from referencing

in the presence of the jury, the Decedent's alleged exposure from the work clothing of a family

member who worked for CSXT.

To prevail on a motion for summary judgment, the moving party must demonstrate that

there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most

1

favorable to the party opposing the motion, warrant judgment as a matter of law. Fed. R. Civ. P. Rule 56. CSXT argues that Plaintiff's 'clothing exposure' negligence action against the railroad fails because Plaintiff cannot establish that CSXT owed a duty to non-employees to protect them from asbestos dust emitting from the work clothing of its employees.

The Georgia Supreme Court recently answered a question certified to that court by the United States Court of Appeals for the Eleventh Circuit that disposes of this issue. In *Williams v. CSX Transp., Inc.*, 608 S.E.2d 208 (Ga. App. 2005), the court held, with regard to an identical factual scenario, that "Georgia negligence law does not impose any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace." It is undisputed that as to Plaintiff's 'clothing exposure' claims against CSXT, the Decedent was a third party non-employee of CSXT. The *Williams* decision thus requires that CSXT be granted partial judgment as a matter of law as to Plaintiff's 'clothing exposure' claims.

THEREFORE, based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant CSX Transportation, Inc.'s Motion for Partial Summary Judgment and Motion *in Limine* as to Plaintiffs' clothing exposure claims is hereby GRANTED.

So ORDERED this the __26__ day of __August__ , 2005.

_____
Judge
United States District Court
Southern District of Georgia

2

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Roger Lane
Randall Jordan
C. Darrell Gossett
Karen Young
Christopher O'Donnell

CASE NO:      CV294-8

DATE SERVED:  8/26/05

SERVED BY:    Nita Rose

☐   Copy placed in Minutes
☐   Copy given to Judge
☐   Copy given to Magistrate